UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LORETTA KING**                                                                                    **PLAINTIFF**

**V.**                                          **NO. 3:19CV00364-JTR**

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**              **DEFENDANT**

## ORDER

### I.  Introduction:

Plaintiff, Loretta King ("King"), applied for disability benefits on April 28, 2017, alleging disability beginning on January 21, 2017. (Tr. at 11). On March 6, 2019, after conducting a hearing, the Administrative Law Judge ("ALJ") denied King's application for benefits. (Tr. at 20). The Appeals Council denied her request for review, making the ALJ's denial of King's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

### II.  The Commissioner's Decision:

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that King had not engaged in substantial gainful activity since the alleged onset date of January 21, 2017. (Tr. at 14). At Step Two, the ALJ found that King had the following severe impairments: degenerative joint disease of the bilateral shoulders and degenerative disc disease of the lumbar and cervical spine. *Id.*

After finding that King's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that King had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that she could only occasionally stoop, crouch, crawl, kneel and reach overhead bilaterally, and she would require the use of a cane in the dominant upper extremity to ambulate and balance. *Id.*

The ALJ found that King was unable to perform any past relevant work. (Tr. at 18). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that, based on King's age, education, work experience and RFC, jobs existed in significant numbers in the national economy which she could perform, including work as a callout operator and surveillance system monitor. (Tr. at 19). Thus, the ALJ concluded that King was not disabled. *Id.*

**III.   Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

B. King's Arguments on Appeal

King contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ failed to properly analyze King's subjective complaints; and (2) the ALJ failed to fully develop the record.

King sought treatment for back, neck, and shoulder problems. Objective testing, including x-rays and MRIs, revealed mild-to-moderate conditions. (Tr. at 308-320, 352-357, 429). She had osteoarthritis, joint space narrowing in her back and neck, spondylosis in the cervical spine, and radicular pain. (Tr. at 308, 312-313, 341-343, 350-351). She had bilateral rotator cuff syndrome. (Tr. at 326-331). However, King's doctors suggested only conservative treatment. Stretching exercises, support pillows, and NSAIDs were recommended, as was physical therapy. (Tr. at 308-320, 337-341, 428-429). King was told to wear a knee brace and use a cane. (Tr. at 320-325, 337-340). She declined the use of narcotics, but did seek chiropractic care. (Tr. at 17, 46). She did not require radiofrequency ablation or surgery, but did use a TENS unit. (Tr. at 344-349). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). King said that walking around, taking baths, and using

4

braces helped. (Tr. at 40-46).

King's orthopedist, Dr. Joseph Yao, M.D., saw King a handful of times over the relevant time-period, and he was the one who recommended conservative care. Nevertheless, he wrote a short letter in April 2019, after the relevant time-period, stating that King was disabled due to radiculitis, osteoarthritis, degenerative disease, and joint pain. (Tr. at 34). He wrote this letter at King's request. *Id*. It did not cite to any objective evidence or explain his opinion in any detail. It did not state the time period it covered. While the letter was not submitted until after the date of the ALJ's decision, the Appeals Council properly found it would not have changed the ALJ's decision and the letter did not give the Appeals Council reason to disturb the denial of benefits. (Tr. at 2).[3]

King argues that the ALJ did not properly evaluate King's subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional

---

[3] A conclusory opinion has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

In this case, the ALJ discussed King's ability to perform daily activities: she said she could drive, do simple chores, shop for groceries, and lift or carry up to 20 pounds. (Tr. at 39-46, 14-19). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). King said her back pain had been stable until she moved some things around in storage. (Tr. at 16). The ALJ also thoroughly discussed the objective findings. (Tr. at 14-19). Next, he noted only conservative treatment, which provided pain relief. *Id*. The ALJ pointed out that King declined a prescription for fibromyalgia medicine, in spite of complaining of generalized joint pain. (Tr. at 17). No doctor placed any functional restrictions on King. The ALJ gave thorough consideration to King's subjective complaints.

He also based his decision off of a fully developed record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further

testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). In this case, all of the objective findings showed no more than moderate conditions. King treated conservatively, and that conservative care provided pain relief. The only opinion contradicting the benign medical record came after the relevant time-period and provided no meaningful basis for its conclusion. There was no evident conflict in the medical evidence, so the ALJ had no obligation to further develop the record.

**IV. Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the subjective complaints and the record was fully developed.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and judgment is entered for the Defendant.

DATED this 13th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE